```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   HAMMOND DIVISION
```

| | |
|---|---|
| JOETTA DAVIS,                      ) | |
|                                    ) | |
| Petitioner,                        ) | |
|                                    ) | |
| vs.                                ) | NO. 2:06-CV-62 |
|                                    ) |     (2:00-CR-66) |
| UNITED STATES OF AMERICA,          ) | |
|                                    ) | |
| Respondent.                        ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion Pursuant to 28 USC 2255, filed by Petitioner, Joetta Davis, on February 16, 2006. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 06291-027, at the Pembroke Station in Banbury, Connecticut, or to such other more recent address that may be on file for Petitioner.

BACKGROUND

On April 25, 2001, Petitioner, Joetta Davis, pled guilty to distributing crack cocaine, in violation of Title 21 U.S.C. section 841(a)(1). On March 22, 2002, Petitioner was sentenced to a 78-month term of imprisonment. Petitioner did not directly appeal her sentence to the Seventh Circuit Court of Appeals.

In the instant motion, she seeks to collaterally attack her sentence with the retroactive application of the United States Supreme Court's January 12, 2005, decision in *United States v. Booker*, 543 U.S. 220 (2005).  Petitioner argues that because she filed her section 2255 petition within one year from the January 12, 2005, decision in *Booker*, she can rely on the holding in *Dodd v. United States*, 545 U.S. 353 (2005), to render her filing timely.[1]

DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a motion under section 2255 must be filed within one year of four possible dates.  Relevant to this case, a motion under section 2255 must be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review."  28 U.S.C.

---

[1] Actually, Petitioner's motion was filed more than 1 year from the date Booker was decided.  However, Petitioner contends that she is excused from filing within that 1-year period for two reasons.  First, relying upon section 2255, paragraph 6(2), Petitioner states that her filing is timely due to the Bureau of Prisons impeding access to her legal materials and case file.  Second, relying upon section 2255, paragraph 6(4), Plaintiff claims that her former attorney promised to file the section 2255 motion and then failed to do so.  Both of these reasons, Petitioner states, equitably toll the limitations period.  Since the issue of timeliness is not dispositive of the instant motion, the facts underlying Petitioner's claim for equitable tolling are not material.  Therefore, for purposes here and to save the expenditure of an unnecessary hearing, the Court will assume that the instant motion was filed within one year of *Booker*.

§ 2255, ¶6(3). The Court in *Dodd* explained that the language in paragraph 6(3), "identifies one date and one date only as the date from which the one year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Dodd*, 545 U.S. at 356. Moreover, paragraph 6(3) limits its application to rights made retroactively applicable on collateral review. *Id.*

Here, Petitioner attempts to rely on the Supreme Court's *Booker* decision to support her instant motion being timely. To successfully do this, she must have filed her section 2255 petition within one year of the *Booker* decision being handed down and *Booker* must be held retroactively applicable on collateral review. As indicated above, the Court finds, for purposes here, that Petitioner filed her motion within one year of *Booker* being handed down. However, the Seventh Circuit Court of Appeals has held that *Booker* is not to be applied retroactively. *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Because *Booker* is not applied retroactively on collateral review, Petitioner cannot rely on *Booker* to make her motion timely under paragraph 6(3).

CONCLUSION

For the reasons set forth above, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 06291-

027, at the Pembroke Station in Banbury, Connecticut, or to such other more recent address that may be on file for Petitioner.


**DATED: September 28, 2006**          /s/RUDY LOZANO, Judge
                                       **United States District Court**